COMMISSIONER OF the MINNESOTA DEPARTMENT OF ECONOMIC SECURITY and Mark Belich, Rose Pavcovich, and Mary Beth Duff, Respondents,

Commissioner of the Minnesota Department of Economic Security and Robert K. Markle, Rodney A. Sutherland, and Dan L. Sutherland, Respondents,

v.

CITY OF DULUTH, Relator.

Nos. 48486, 48564.

Supreme Court of Minnesota.

June 20, 1980.

William P. Dinan, City Atty., and Victor D. Ulmer, Asst. City Atty., Duluth, for relator.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., Frank W. Levin, and William G. Brown, Sp. Asst. Attys. Gen., St. Paul, for respondents.

BRUCE C. STONE, Justice.*

This appeal involves the affirmance by the Commissioner of the Minnesota Department of Economic Security of awards of unemployment compensation to claimant-respondents.

---

\* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2,

The respondents here are in similar but not identical circumstances. Mark Belich, Rose Pavcovich, and Mary Beth Duff were employed by the city of Duluth in civil service positions to which they were appointed provisionally. The ordinance under which they were appointed read:

> (b) The appointing authority shall appoint such person pending the establishment of an eligible list; provided, that such provisional appointment shall continue in force only until tests can be held, an employment list established, certification made and arrangements completed with the qualifying person who is to begin work. In no case shall any provisional appointment continue in force longer than six months.

Belich took the civil service examination but was terminated in his employment when he failed to score high enough to be considered for the position. Pavcovich failed the examination and was terminated. Duff was terminated after 6 months' employment because no civil service examination was conducted for the position which she occupied.

Robert K. Markle, Dan L. Sutherland, and Rodney A. Sutherland were employed by the city of Duluth in so-called "temporary" positions. Each understood his employment would be limited to 100 working days, and it was.

The city of Duluth contends that the claimants voluntarily terminated their employment by having accepted it with knowledge of its limited duration.

Minn. Stat. § 268.09, subd. 1(1) (1978), provides in part for disqualification from unemployment compensation benefits "[i]f *such individual voluntarily* and without good cause attributable to the employer *discontinued his employment * * *.*" (Emphasis added.) In construing this statute and the word "voluntary" in *Anson v. Fisher Amusement Corp.*, 254 Minn. 93, 98, 93 N.W.2d 815, 819 (1958), we held:

and Minn. Stat. § 2.724, subd. 2 (1978).

If the act of employment separation was performed by [the employee] * * * indirectly by his act of vesting in another discretionary authority to act in his behalf, the ultimate resulting act is a voluntary one which disqualifies him for compensation.

In view of both the new disclosure, subsequent to the initial hearing, by the Department of Economic Security that some 42,000 workers would be indirectly involved, and a 1978 statute that provides coverage to at least some if not all temporary workers, 1978 Minn. Laws, ch. 688, we decline to extend the "constructive voluntary quit" doctrine of *Anson v. Fisher Amusement Corp.*, 254 Minn. 93, 93 N.W.2d 815 (1958), to the facts of this case.[1]  *See Loftis v. Legionville School Safety Patrol Training Center, Inc.*, —— N.W.2d —— (Minn.1980), filed herewith.

Accordingly, the decision of the Commissioner of the Department of Economic Security awarding unemployment compensation to claimants is affirmed.

Affirmed.

---

1. In fact, during the 1980 legislative session, Minn. Stat. § 268.09, subd. 1(1) (1978), was amended to exclude from the definition of "voluntary leave" "a separation from employment by reason of its temporary nature or for inability to pass a test or for inability to meet performance standards necessary for continuation of employment * * *."  1980 Minn. Laws, ch. 508, § 9.  Thus, *Anson v. Fisher Amusement Corp.*, 254 Minn. 93, 93 N.W.2d 815 (1958), is no longer viable.